Lin v. Holder
BIA
Mulligan, IJ
A089 250 268

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
### <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of October, two thousand thirteen.

PRESENT:
> ROBERT D. SACK,
> PETER W. HALL,
> SUSAN L. CARNEY,
> *Circuit Judges.*

_____

XING KAI LIN,
> *Petitioner,*

     v.                11-3772
                          NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:      Feng Li, New York, New York.

FOR RESPONDENT:      Stuart F. Delery, Acting Assistant Attorney General; Melissa Neiman-Kelting, Senior Litigation Counsel, Ilissa M. Gould; Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Xing Kai Lin, a native and citizen of the People's Republic of China, seeks review of an August 25, 2011 decision of the BIA affirming the April 23, 2009 decision of an Immigration Judge ("IJ")that pretermitted his application for asylum and denied withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Xing Kai Lin*, No. A089 250 268 (B.I.A. Aug. 25, 2011), *aff'g* No. A089 250 268 (Immig. Ct. N.Y. City Apr. 23, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v.* Mukasey, 534 F.3d 162, 165-66 (2d Cir. 2008). For asylum applications like Lin's, which are governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances, . . . base a credibility finding on the demeanor, candor or responsiveness of the

2

applicant, . . . [and] the consistency between the applicant's or witness's written or oral statement, . . . without regard to whether an inconsistency . . . goes to the heart of the applicant's claim." *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. We "defer to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.

Substantial evidence supports the agency's adverse credibility determination, with regard to Lin, since it was reasonably based on Lin's internally inconsistent testimony. When asked if his wife attempted to obtained a certificate of her abortion, Lin initially stated, "Yes, yes," and explained that his wife sought the certificate from the doctor who performed the procedure. But upon being asked when his wife tried to locate the doctor, Lin changed his testimony, stating several times that he "misspoke," and that his wife did not attempt to obtain a certificate, explaining that he thought he had been asked whether his wife had seen a doctor during her pregnancy, not whether she had tried to obtain a certificate verifying her abortion.

The agency did not err in rejecting this explanation. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (the agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so); *see also Xiu Xia Lin*, 534 F.3d at 167 (the agency may "rely on any inconsistency or omission in making an adverse credibility determination as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible.").

The agency's adverse credibility determination is further supported by the IJ's demeanor finding. The IJ described Lin as appearing nervous throughout the hearing, called his demeanor on cross-examination "horrible," and reported that his anxiety worsened during cross-examination regarding the abortion certificate. The IJ's demeanor finding is therefore supported by the record and is not erroneous. *See Majidi*, 430 F.3d at 81 n.1 (particular deference is given to the trier of fact's assessment of demeanor); *see also Zhou Yun Zhang v. INS*, 386 F.3d 296 (2d Cir. 2007), *overruled on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296 (2d Cir. 2007). Given these findings of inconsistent testimony and poor demeanor,

4

substantial evidence supports the agency's adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 167; *Majidi*, 430 F.3d at 81 n.1. We do not reach the IJ's pretermission of Lin's asylum application because the BIA disposed of Lin's asylum claim on the IJ's alternative and dispositive adverse credibility determination.

For the foregoing reasons, the petition for review is DENIED and Petitioner's pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk